**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EMILIO JIMENEZ-JIMENEZ, | : |
| | : |
| Petitioner | : CIVIL NO. 3:CV-09-0671 |
| vs. | : |
| | : (Judge Caputo) |
| SECRETARY OF THE | : |
| DEPARTMENT OF HOMELAND | : |
| SECURITY, *ET AL.,* | : |
| | : |
| Respondents. | : |

*M E M O R A N D U M*

I. *Introduction.*

Presently before the Court is Petitioner Emilio Jimenez-Jimenez's (Jimenez-Jimenez) Emergency Petition for Writ of Habeas Corpus. For the following reasons, the Petition will be dismissed without prejudice to Jimenez-Jimenez filing a petition for review of the Board of Immigration Appeals' (BIA) denial of his motion for an emergency stay of removal or to challenge the denial of his motion to reopen or rescind his in absentia removal proceedings.[1]

---

[1] Petitioner was removed from the United States sometime after January 20, 2009. Jimenez-Jimenez is represented by counsel in this matter.

*II.   Background.*

Petitioner is a native and citizen of Mexico. (Doc. 9, Brief in Support of Petition for Writ of Habeas Corpus). He entered the United States in January 1998 without being inspected. On March 12, 1998, the government personally served Jimenez-Jimenez with a Notice to Appear (NTA) for a removal hearing. (Doc. 9-2, Exhibits in Support of Petitioner's Petition, RR. 3 - 4.)[2] Petitioner signed the NTA and requested an expedited hearing before an immigration judge (IJ) at a location, date and time to be set by the government. (*Id.*) The NTA was served on the immigration court on April 2, 1998. (Doc. 9 at R. 2). On April 3, 1998, the immigration court sent notice to Jimenez-Jimenez of his July 29, 1998 removal hearing. The notice was sent to his last known address. (Doc. 9-2 at R. 23). On April 7, 1998, Petitioner, on his own accord, purchased an airplane ticket to Mexico and departed the United States. (Doc. 9 at R. 2). When Jimenez-Jimenez did not appear for his removal hearing, the IJ entered a removal order against him *in absentia*. (Doc. 9 at R. 2).

At some point in 1998, Jimenez-Jimenez, again reentered the United States without being inspected or admitted. (*Id.*) Petitioner escaped detection of immigration authorities until December 2008 when he was taken into custody by Immigration and Customs Enforcement (ICE). (*Id.*) While in custody, and represented by counsel, Jimenez-Jimenez filed a Motion to Rescind his in absentia Order of Removal asserting that he did not receive the statutorily required notice of his removal hearing. (Doc. 9-2 at R. 11). On January 9, 2009, the IJ denied Petitioner's motion. (Doc. 9 at R. 2; doc. 9-2 at RR. 22 -

---

[2]  "R." or "RR." references are to the CM/ECF pagination of the document cited.

23). On January 20, 2009, the Petitioner filed an appeal of the IJ's denial to the BIA. (Doc. 9-2 at RR. 25 - 26). Upon learning of his imminent removal, Jimenez-Jimenez filed a motion for an emergency stay of deportation with the BIA. (*Id*. at RR. 29 - 30). The BIA Denied the motion to stay Petitioner's removal on January 21, 2009. (*Id*. at R. 32).

Jimenez-Jimenez was removed from the United States on an unspecified date shortly after his counsel filed an Emergency Petition for Writ of Habeas Corpus and Motion for Stay of Exclusion, Deportation or Removal, in the United States District Court for the Eastern District of Pennsylvania. (Docs. 1 - 2). After issuing an order to show cause, Respondents filed a response to the habeas petition. On February 26, 2009, the Eastern District transferred the matter to this court noting that Jimenez-Jimenez, who was being held by ICE in the York County Prison, in York, Pennsylvania at the time the Petition was filed, was not located in the Eastern District, but rather the Middle District. *See Jimenez-Jimenez v. Secretary of Homeland Sec.*, Civ. No. 09-304, 2009 WL 506366 (E.D. Pa. Feb. 26, 2009).

A removal order entered in absentia "may be rescinded only ... if the alien demonstrates that the alien did not receive notice in accordance with" the statute. *See* 8 U.S.C. § 1229(a)(b)(5)(C). According to Jimenez-Jimenez, via his present Petition,

> he is not requesting review of the *in absentia* order of removal against him. Petitioner:
> 1) challenges the procedure followed by the Department of Homeland Security in issuing a defective NTA contrary to statute, which resulted in an *in absentia* order of removal against him, which resulted in his subsequent detention and removal to Mexico[;]
> 2) challenges the legality of his detention and removal when the removal based on a 1998 *in absentia* order of removal, which if valid, ......

-3-

> 3) challenges the Board of Immigration Appeals denial of
> Petitioner's Emergency Motion for Stay of Deportation, and the
> USICE's detention and removal of the Petition while his appeal
> from the Immigration Judge's denial of Petitioner's Motion was
> pending, when BIA's precedent provides for a stay of removal
> while an appeal from a Motion to Rescind is pending.
> 4) argues that if the original removal proceedings are
> considered to be void *ab initio*, he would have an available
> remedy to avoid deportation and receive lawful permanent
> residence under 8 U.S.C. § 1229b(1), as he would be
> physically present in the United States for more than 10 years
> ...

(Doc. 9 at RR. 4 - 5)(*emphasis in original).* Petitioner "does not challenge the 'notice of removal' ... but a constitutional challenge to an in absentia removal order when the Notice to Appear fails to include a time, date *and* place of the rmoval proceedings, making it impossible for the alien to notify the Court of his departure to Mexico." (Doc. 11, Traverse at RR. 1 - 2). The government argues that this Court does not have jurisdiction to entertain these claims. Respondents also argue Petitioner's claims challenging the legality of his detention were rendered moot by his removal from the United States.

III. *Discussion*.

Title 28 U.S.C. § 2241 authorizes the district courts to issue habeas corpus relief where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241 confers jurisdiction upon the federal courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L.No. 109-13, Div. B,

119 Stat. 231 (2005). Section 106(a)(1)(B) of the Act amended Section 242(a) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1252(a), providing that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act expressly eliminated district courts' jurisdiction over habeas corpus petitions challenging orders of removal. *Id*.

The government argues that this Court does not have jurisdiction over Jimenez-Jimenez's claims challenging the validity of his NTA or his request for stay of removal. We agree. No matter how many different ways Petitioner words his claims, he clearly "argues that his removal was illegal because it was done without an order of removal and because the in absentia order of removal was the result of a defective NTA, denying him procedural due process." (Doc. 11 at RR. 2 - 3). This argument squarely challenges the removal order, as it challenges the validity of the NTA, which is the charging document upon which the removal order is based. If the NTA is invalid, then, necessarily, the removal order would also be invalid. *See Haider v. Gonzales*, 438 F.3d 902, 909 - 910 (8th Cir. 2006)(Alien's claim that an in absentia order of removal was invalid due to lack of notice is "nothing more than attack the IJ's removal order," thus proper jurisdiction of such a claim was in the appellate court where the initial immigration proceedings took place.) As this Court lacks jurisdiction to review the removal order in this case, the Court also lacks jurisdiction to determine the validity of the NTA, the charging document upon which the removal order is predicated. The review of validity of the removal order is within the sole jurisdiction of the Court of Appeals as required by the REAL ID Act; therefore, this Court cannot consider claims challenging the adequacy of the NTA upon which the order

of removal is founded. Thus based on the jurisdictional provisions of the REAL ID Act, to the extent Jimenez-Jimenez challenges the legality of his removal order, or the NTA upon which it is based, he must file a petition for review in the appropriate Court of Appeals. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-446 (3d Cir. 2005). As an alien may continue to seek review of his removal order once he has left the country, *see* 8 U.S.C. § 1252(b)(3)(B), Jimenez-Jimenez's claims challenging his in absentia order of removal will be dismissed without prejudice to his right to file a Petition for Review with the appropriate court of appeals.

Next, to the extent Jimenez-Jimenez challenges his continued detention pending removal, any such challenge does not related to his final order of removal and this Court would normally maintain jurisdiction over such a claim. *Bonhometre*, 414 F.3d at 446 n. 4. However, to the extent that Petition challenges his detention, this claim is now moot as Jimenez-Jiminez has been removed from the United States. When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). This means that throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). As Jimenez-Jimenez was removed from the United States sometime after January 20, 2009, we can no longer afford him habeas relief and his challenge to the legality of his detention is now moot. *See Purveegiin v. Chertoff*, 282 Fed. Appx. 149 (3d Cir. 2008)(affirming

district court's dismissal of ICE detainee's § 2241 petition challenge his continued detention during removal proceedings as moot based on petitioner's removal).

We will issue an appropriate order.


                                                     **/s/ A. Richard Caputo**
                                                     **A. RICHARD CAPUTO**
                                                     **United States District Judge**
**DATE: May 13, 2009**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EMILIO JIMENEZ-JIMENEZ, :
:
:
Petitioner : CIVIL NO. 3:CV-09-0671
vs. :
: (Judge Caputo)
SECRETARY OF THE :
DEPARTMENT OF HOMELAND :
SECURITY, *ET AL.,* :
:
Respondents. :

*O R D E R*

**AND NOW**, this **13th** day of **May, 2009**, it is ordered that:

1. Petitioner's Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is denied.

2. Petitioner's claims challenging his in absentia order of removal will be dismissed without prejudice to his right to file a Petition for Review with the appropriate court of appeals.

3. Petitioner's Motion for Stay of Execution (doc. 2) is dismissed without prejudice.

4. Petitioner's challenge to the legality of his detention is dismissed as moot.

5. The Clerk of Court shall close this file.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge